Case 1:22-cv-00516-MHH-SGC    Document 5    Filed 05/31/22    Page 1 of 38

FILED
2022 May-31 PM 03:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2022 Apr-26 AM 09:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA


MAURICE PHILLIPS,

      PLAINTIFF,

v.

DISCIPLINARY HEARING OFFICER
A. MOORE, SPECIAL INVESTIGATION
SERVICE L. KENNEDY,

      DEFENDANT.

Civ. No.: 1:22-CV-516-MHH
SGC


## AMENDED COMPLAINT
### COMPLAINT PURSUANT TO
### BIVENS V. SIX UNKNOWN FEDERAL NARCOTICS AGENTS


## I. JURISDICTION

Jurisdiction of this Court is invoked under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed. 2d 619 (1971).

## II. PLAINTIFF

The Plaintiff, Maurice Phillips, is a citizen of the United States currently incarcerated in the Federal Bureau of Prisons at Federal Correctional Institute Talladega in Alabama.

## III. DEFENDANTS

The Defendants are employees of the Federal Bureau of Prisons at Federal Correctional Institute Talladega.

Case 1:22-cv-00516-MHH-SGC    Document 5    Filed 05/31/22    Page 2 of 38

## IV. VENUE

Venue in a Bivens case is governed by 28 U.S.C. § 1391(b). <u>Stafford v. Briggs</u>, 444 U.S. 544 (1980)(venue in suits for damage against federal employees in their individual capacity is governed by § 1391(b)); <u>Nails v. Coleman Low Federal Institution et al.</u>, 307 Fed. Appx. 296, 2009 WL 51884 **1 (11th Cir. 2009)(district court's sua sponte transfer of case under § 1391(b) was proper because court transfered case to district where the remaining unknown Bivens defendants were located and where relevant events occurred). Under 28 U.S.C. § 1391 (b) cases arising under federal law may be brought only in a district where: (1) any defendants reside in the same state: (2) a substantial part of the events giving rise to the claim occued: or (3) if there is no district in which an action may otherwise be brought under (1) or (2), any judicial district in which the defendants are subject to the court's personal jurisdiction with respect to the action. 28 U.S.C. § 1391(b).

## V. STATEMENT OF CLAIM FOR RELIEF

1. Phillips (hereinafter "Phillips" or "Plaintiff") was charged on June 22, 2020, with committing a Code 201 prohibited act (Fighting With Another Person), after conclusion of an SIS investigation of the May 28, 2020 incident. Exhibit-A.

2. The Incident Report contained the following description of the incident:

> An SIS investigation was closed, at 9:06am, on June 22, 2020 with the conclusion that inmate Phillips, Maurice, Reg. No. 04951-748, and Patterson, Fredrick, Reg. No. 17381-003 were involved in a fight on May 28, 2020, at

Case 1:22-cv-00516-MHH-SGC    Document 5    Filed 05/31/22    Page 3 of 38

appoximately 12:57pm, in Gama A unit on B-Range at the Federal Correctional Institution in Talladega, Alabama. This conclusion is based on a review of the video footage. On May 28, 2020, at approximately 12:57pm, inmate Patterson can be seen walking up the steps to B-Range towards inmate Phillips. Both inmates can be seen throwing punches hitting each other, after a few seconds both inmates began grappling and wrestling with each other. When staff observed both inmates grappling with each other they stopped fighting.

3. On June 25, 2020, Plaintiff appeared before Unit Discipline Committee ("UDC") member R. Mayer and advised of his inmate rights. Exhibit-B.

4. On July 1, 2020, Plaintiff appeared before Discipline Hearing Officer ("DHO") S.D. Sawyer. Plaintiff's due process rights were read and reviewed by the DHO to Plaintiff. The DHO found Phillips committed the prohibited act of Fighting With Another Person in violation of Code 201. Sawyer imposed sanctions in the form of: (1) 30 days of disciplinary segregation (suspended pending 90 days clear conduct); (2) 90 days loss of Commissary/Phone privileges (restored 9/28/20); and (3) $25.00 monetary fine. A residual effect was that Phillips custody classification score was elevated based on the code violation. Exhibit-C

5. Phillips appealed DHO S.D. Sawyer's findings to the Federal Bureau of Prisons Southeast Regional Office (Appeal No. 1059210-R1). On December 14, 2020, the South Esat Regional Office ("SERO") Regional Director remanded the case back to the institution for rehearing. Exhibit-D.

6. Plaintiff did not receive notice of the rehearing until January 14, 2021. Exhibit-D.

7. On December 21, 2020, Unit Manager/Disciplinary Hearing Officer A. Moore arrived at Plaintiff's assigned cell and informed

Case 1:22-cv-00516-MHH-SGC    Document 5    Filed 05/31/22    Page 4 of 38

him that he would be given a rehearing on the aforementioned code violation. Plaintiff was not informed what the basis for the new hearing was nor advised of his rights or allowed to call witnesses and offer exculpatory evidence.

8. DHO A. Moore immediately held a rehearing in the unit's office.

9. At the rehearing Plaintiff requested to have SIS L. Kennedy called and Fredrick Patterson because subsequent to the initial DHO hearing Plaintiff learned that inmate Fredrick had been charged with FBOP violations regarding the use of synthetic marijuana (K-2) on May 28, 2020 the date of the incident. Plaintiff advised DHO A. Moore that he wished to call witnesses and review evidence regarding Patterson's drug use on the day in question because the actions taken by him were in self defense. Exhibit-E.

10. DHO A. Moore conducted the hearing without allowing Phillips to obtain the requested evidence nor call SIS Kennedy, or Patterson. Moore adjudged Plaintiff guilty and imposed the following sanctions: (1) DS 30 days suspended pending clear conduct 90 days; (2) LP Phone and Commissary 90 days beginning 7/1/20 to 9/28/20; and (3) Mon Fine $150.00. After, receiving the amended DHO report Plaintiff appealed to the SERO asserting due process violations occuring during the December 21, 2020, hearing and failure to disclose the exculpatory evidence. See Exhibit-F.

11. Plaintiff has exhausted all administrative remedies with the Regional Office and Central Office regarding this matter. Exhibit-G.

## VI. CAUSE OF ACTION

1. Defendant(s) federal Bureau of Prisons employees violated Fifth Amendment Due Process Clause.

## VII. DEMAND FOR RELIEF

1. Plaintiff demands a jury trial as to all Bivens claims and defendants.

2. Plaintiff demands $125,000 for each FBOP employee in there individual capacity for violation of the Fifth Amendment.

3. Plaintiff demands declaratory relief in the form of expungement of the code violation from FBOP records.

4. Plaintiff demands declatory relief in the form of remission of the fine imposed.

## IIX. ARGUMENT AND CITATIONS OF AUTHORITY

### A. BIVENS CLAIMS

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L. Ed. 2d 619 (1971), the Supreme Court held that injured plaintiffs can bring a cause of action for damages against federal officers based on violations of their constitutional rights. 404 U.S. at 389. A Bivens claim is analogous to a § 1983 claim against a state or local officer. Smith ex rel. Smith v. Siegelman, 322 F.3d 1290, 1297 n. 15 (11th Cir. 2003). "Because of the similarity in the cause of action, a Bivens case challenges the constitutionality of federal officials' conduct, while § 1983 challenges the constitutionality of state officials' conduct, [courts] generally apply § 1983 law to

4

cases." <u>Wilson v. Blankenship</u>, 163 F.3d 1284, 1288 (11th Cir. 1998).

Prison disciplinary proceedings are not part of a criminal prosecution, and, therefore, the full panalopy of rights that are due a defendant in a criminal proceeding do not apply in prison disciplinary proceedings. See <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). However, inmates are entitled to some due process protections. <u>Id</u>. Those protections include: (1) written notice of charges at least 24 hours before a hearing to enable the inmate to prepare a defense; (2) an opportunity to call witnesses and present documentary evidence if doing so is not an undue hazard to institutional safety; and (3) a written explanation of the evidence relied on and reasons for disciplinary actions. <u>Id</u>. On the otherhand, an inmate does not have a right to confrontation and cross-examination, or a right to counsel. <u>Id</u>. at 567, 570.

To establish a due process violation in the prison context a plaintiff must show that he was deprived of a liberty interest protected by the Constitution or statute. But in the context of prison disciplinary proceedings, not every punishment gives rise to a constitutional claim. A prisoner's liberty interest are not violated unless a condition imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Thus, in determining whether an individual's due process rights have been violated, a court first considers whether he has been denied a liberty or property interest. Only if an individual makes such a showing will the court consider whether the procedures attendant upon that deprivation were constitutionally sufficient.

5

The right to due process presumptively entitles inmates to view exculpatory evidence, not only to ensure that the hearing officer considers all relevant evidence, but also to enable the inmate to make use of the evidence and prepare the best defense. Chavis v. Rowe, 643 F.2d 1281, 1285-86 (7th Cir. 1981).

## B. SUMMARY OF ARGUMENT

Phillips maintains that the SIS investigation and DHO rehearing were flawed and violated the Fifth Amendment's Due Process Clause. DHO A. Moore failed to conduct a rehearing in accordance to Wolff v. McDonnell, 418 U.S. 539 (1974). The facts establish that Plaintiff was not afforded 24 hour notice of the rehearing to prepare a defense, provided an opportunity to request witnesses and staff, advised of rights during the second DHO hearing, or provided exculpatory evidence. Arias v. Barnes, 2019 U.S. Dist. LEXIS 232165 (8th Cir. 2019)(After the remand, but before rehearing on the incident report, DHO Kenneth Craddock advised Ms. Arias of her rights during the second DHO hearing and provided an opportunity for Ms. Arias to request witnesses and a staff representative); Johnson v. Brown, 681 Fed. Appx. 494 (7th Cir. 2017)(That right to due process presumptively entitles inmates to view exculpatory evidence, not only to ensure that the hearing officer considers all relevant evidence, but also to enable the inmate to make use of the evidence and prepare the best defense. See Piggie II, 344 F.3d at 678; Chavis v. Rowe, 643 F.2d 1281, 1285-86 (7th Cir. 1981). SIS L. Kennedy failed to include exculpatory evidence in his report or disclose its existence, thereby, suppressing the material evidence. Ellison v. Zatecky, 820 F.3d 271, 274 (7th Cir. 2016)("[A] hearing officer cannot refuse to consider an inmate's evidence simply beacuse

6

other evidence supports a finding of guilt".); <u>Young v. Kann</u>, 926 F.2d 1396 (3d Cir. 1991)(claim that hearing officer violated inmate's right to due process by refusing to produce letter in which inmate allegedly threatened cell-mate should not have been dismissed as frivolous).

Plaintiff relies on the facts pleaded in infra V. to substantiate the elements of his Fifth Amendment claim.

## IX. CONCLUSION

Wherefore, Plaintiff demands judgment in his favor aginst Defendants.

Date: April 10, 2022

Respectfully submitted,

Maurice Phillips
#04951-748
FCI Talladega
PMB 1000
Talladega, Alabama 35160

I, Maurice Phillips, do hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the above statements are true and correct to the best of my knowledge and belief.

Maurice Phillips

7

**EXHIBIT-A**

BP- 0288
JAN 17

# INCIDENT REPORT

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

### Part I - Incident Report

| 1. Institution: F.C.I. Talladega | | | Incident Report Number: | |
|---|---|---|---|---|
| 2. Inmate's Name: Phillips, Maurice | 3. Register Number: 04951-748 | 4. Date of Incident: May 28, 2020 | | 5. Time: 12:57 p.m. |
| 6. Place of Incident: Gamma A unit B-Range | 7. Assignment: Education3 | | | 5. Unit: Gamma A |
| 9. Incident: Fighting with another person | | 10. Prohibited Act Code(s) 201 | | |

11. Description of Incident (Date: May 28, 2020   Time: 12:57 p.m. Staff became aware of incident):

An S.I.S. investigation was closed, at 9:06 a.m., on June 22, 2020 with the conclusion that inmates Phillips, Maurice, Reg. No. 04951-748, and Patterson, Fredrick, Reg. No. 17381-003 were involved in a fight on May 28, 2020, at approximately 12:57 p.m., in Gamma A unit on B-Range at the Federal Correctional Institution in Talladega, Alabama. This conclusion is based on A review of video footage. On May 28, 2020, at approximately 12:57 p.m., inmate Patterson can be seen walking up the steps to B-Range towards inmate Phillips. Both inmate can be seen throwing punches hitting each other, after a few seconds both inmates began grappling and wrestling with each other. When staff observed both inmates grappling with each other they stopped fighting.

| 12. Typed Name/Signature of Reporting Employee: L.Kennedy S.I.S. Tech | | 13.Date And Time: June 22, 2020 10:00 a.m. | |
|---|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): | 15 .Date Incident Report Delivered: 6-22-20 | 16. Time Incident Report Delivered: 11:05 Am | |

### Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident:

_____

_____

_____

_____

| 18. A. It is the finding of the committee that you: | B. ____ The Committee is referring the Charge(s) to the DHO for further Hearing. |
|---|---|
| ____ Committed the Prohibited Act as charged. ____ Did not Commit a Prohibited Act. ____ Committed Prohibited Act Code(s). ____ ____ | C. ____ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |

19. Committee Decision is Based on Specific Evidence as Follows:

_____

_____

_____

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

_____

_____

21. Date and Time of Action:_____(The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

_____          _____          _____
Chairman (Typed Name/Signature)          Member (Typed Name)          Member (Typed Name)

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO: COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

Case 1:22-cv-00516-MHH-SGC   Document 5   Filed 05/31/22   Page 11 of 38

EXHIBIT-B

## Notice of Discipline Hearing Before the (DHO) CDFRM

BP-A0293
AUG 11

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

|  |
|---|
| F.C.I.   TALLADEGA, ALABAMA |
| Institution |
| 6-25-2020 |
| Date |

TO: Phillips, Maurice                                              REG. NO.: 04951-748

...........Fighting with another person

......... 06/28/2020                                              CODE NO.: 201

You are being referred to the DHO for the above charge(s).

The hearing will be held on: __A.S.A.P.__ at _____ (A.M./P.M.) at the following location:
__Alpha Unit__

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I ____ do (do not) __✓__ wish to have a staff representative.

If so, the staff representative's name is: _____

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) (do not) __✓__ wish to have witnesses.

| NAME: | CAN TESTIFY TO: |
|---|---|
|  |  |
| NAME: | CAN TESTIFY TO: |
|  |  |
| NAME: | CAN TESTIFY TO: |
|  |  |

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

DATE: 6-25-20     SIGNATURE: X _____

Delivered to the inmate by _____ / ____ by _____
                                    Date/Time          Staff Printed Name/Signature

Replaces BP-A0293 of JAN 88

PDF                              Prescribed by P5270

FP-A0293
AUG 11

**Inmate Rights at Discipline Hearing**   CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Institution:    FCI TALLADEGA, ALABAMA

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate's Name: Phillips, Maurice                    Reg. No.: 04951-748

Inmate Signature: _____              Date: 6-25-2020

Notice of rights given to inmate (Date/time): 6-25-2020    /  8:35 Am

by: R. Morgan    /
               Staff Printed Name/Signature

(This form may be replicated via WP)                    Replaces BP-S293(52) of JAN 88.

PDF                    Prescribed by P5270

Case 1:22-cv-00516-MHH-SGC    Document 5    Filed 05/31/22    Page 14 of 38

**EXHIBIT-C**

*Received from Counselor Watters on 8-12-2*

JAN 17

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU PRISONS**

| Institution:  **FCI TALLADEGA** | Incident Report number: 3409383 | |
|---|---|---|
| NAME OF INMATE:  PHILLIPS, Maurice | REG. NO.:  04951-748 | UNIT:  GAMMA |
| Date of Incident Report: 06-22-2020 | Offense Code:  201 | |
| Date of Incident: 05-28-2020 | | |
| Summary of Charges:  **FIGHTING ANOTHER PERSON** | | |

**I.    NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **06-22-2020** at (time) **1105**    (by staff member)  **D. Daugherty**.

B. The DHO Hearing was held on (date)    **07-01-2020**   at (time)   **0940**

C. The inmate was advised of the rights before the DHO by (staff member):
**R. Mayer**   on (date)  **06-23-2020**  and copy of the advisement of rights form is attached.

**II.   STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative.· Yes   **X**   No_____.

B. Inmate requested staff representative and   **N/A**                appeared.

C. Staff Representative statement:   **N/A**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name)___**N/A**___ was selected.

E. Staff representative ____**N/A**____ was appointed.

**III.  PRESENTATION OF EVIDENCE**

A. Inmate ____(admits) _____(denies)  **X**  (neither) the charge(s).

B. Summary of inmate statement:  **Declined to make a statement.**

C. Witnesses:
1. Inmate waived right to witness.  Yes **X**   No____

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below): **N/A**

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below): **N/A**

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below). **N/A**

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:  **Photographs/SIS Report.**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because:    **N/A**

**IV.   FINDINGS OF THE DHO**

**X**   A. The act was committed as charged.

____ C. No prohibited act was committed: Expunge according to Inmate Discipline PS.

____ B. The following act was committed: _____

**V.    SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations,**

JAN 17.

**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU PRISONS**

| Name of Inmate: PHILLIPS, Maurice | Reg. No.: 04951-748 | Hearing Date: 07-01-2020 |
|---|---|---|

written documents, etc.):

The inmate's due process rights were read and reviewed by the DHO to the inmate. The DHO confirmed the inmate received a copy of the incident report, did not want a staff representative; did want to call witnesses. The inmate understood his due process rights and was ready to proceed with the disciplinary process.

The DHO finds that inmate Maurice Phillips, Register Number 04951-748, was Fighting With Another Person in violation of Code 201. The DHO relies upon the reporting officer's eyewitness statement, An S.I.S. investigation was closed, at 9:06 a.m., on June 22, 2020 with the conclusion that inmates Phillips, Maurice, Reg. No. 04951-748, and Patterson, Fredrick, Reg. No. 17381-003 were involved in a fight on May 28, 2020, at approximately 12:57 p.m., in Gamma A unit on 8- Range at the Federal Correctional Institution in Talladega, Alabama. This conclusion is based on A review of video footage. On May 28, 2020, at approximately 12:57 p.m., inmate Patterson can be seen walking up the steps to B-Range towards inmate Phillips. Both inmate can be seen throwing punches hitting each other, after a few seconds both inmates began grappling and wrestling with each other. When staff observed both inmates grappling with each other they stopped fighting.

The DHO draws adverse inference toward the inmate for declining to address the charge.

Based upon these facts, the DHO is convinced that Maurice Phillips, Register Number 04951-748, was Fighting With Another Person in violation of Code 201. The DHO based her decision on the greater weight of the evidence as written in the report, Photographs and SIS Report. Based on video footage review an SIS investigation was conducted and revealed you and inmate Patterson were involved in a fight on 5/28/2020. You both were observed throwing punches hitting each other and then you began grappling and wrestling with each other. When staff observed you both ceased your actions. Further, you did not provide any evidence to refute the charge. Therefore, based on the SIS report your actions were consistent with having been in a fight. Your actions are prohibited and will not be tolerated.

**I.    SANCTION OR ACTION TAKEN** (List each prohibited act with respective sanctions for that act):

        30 days DS (suspended pending 90 days clear conduct)
        90 days loss of Comm/Phone(restore 9/28/20)
        $25.00 Monetary Fine

**VII.   REASON FOR EACH SANCTION OR ACTION TAKEN:**
Disciplinary segregation, monetary fine and the loss of privileges were imposed for the express purpose of holding you accountable for violating the rules and to deter you from this type of misconduct in the future.

**VIII. APPEAL RIGHTS:** __X__ The inmate has been advised of the findings, specific evidence relied on action and reasons for the action. The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

**IX.    Discipline Hearing Officer**

| Printed Name | Signature | Date |
|---|---|---|
| S.D. Sawyer | | 07-06-2020 |

JAN 17

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU PRISONS**

| Name of Inmate: | Req. No.: | Hearing Date: |
|---|---|---|
| PHILLIPS, Maurice | 04951-748 | 07-01-2020 |

DHO report delivered to Inmate by: _____
                                          **Signature**

T. Fleming
**Printed Name (Staff)**          7/8/20    1000
                                 **Date and Time:**

of AUG 11                    Prescribed by P5270                    Replaces BP-A0304

Case 1:22-cv-00516-MHH-SGC   Document 5   Filed 05/31/22   Page 18 of 38

**EXHIBIT-D**

MAURICE PHILLIPS, 04951-748
TALLADEGA FCI     UNT: UNIT G     QTR: B05-013L
565 EAST RENFROE ROAD
TALLADEGA,   AL 35160

**RECEIVED**

JAN 1 3 2021

WARDEN'S OFFICE
FCI TALLADEGA, AL

Delivered on 1-14-202

Regional Administrative Remedy Appeal No. 1059210-R1
PART B - RESPONSE

This is in response to your Regional Administrative Remedy Appeal receipted August 27, 2020. You appeal the actions of the Discipline Hearing Officer (DHO) on July 01, 2020, finding you committed the prohibited act of Fighting With Another Person, Code 201. As relief, you request the incident report be expunged.

Upon review of your case, a decision was made to remand the case back to the institution for a rehearing. Upon completion of the rehearing if you elect to appeal the disciplinary action, you should file an appeal directly to this office.

This response is for your information only. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

12/14/2020
Date

_____
Regional Director, SERO

**EXHIBIT-E**

## DECLARATION OF MAURICE PHILLIPS

I Maurice Phillips, do hereby declare under penalty of perjury that the following is a true and correct statement of facts material to this case:

1) Phillips (hereinafter "Phillips" or "plaintiff") was charged on June 22, 2020, with committing a code 201 prohibited act (Fighting With Another Person), after conclusion of an SIS investigation of the May 28, 2020 incident. Exhibit-A.

2) The Incident Report contained the following description of the incident:

> An SIS investigation was closed, at 9:06am, on June 22, 2020 with the conclusion that inmate Phillips, Maurice, Reg. No. 04951-748, and Patterson, Fredrick, Reg. No. 17381-003 were involved in a fight on May 28, 2020, at approximately 12:57pm, in Gama A unit on B-Range at the Federal Correctional Institution in Talladega, Alabama. This conclusion is based on a review of the video footage. On May 28, 2020, at approximately 12:57pm, inmate Patterson can be seen walking up the steps to B-Range towards inmate Phillips. Both inmates can be seen throwing punches hitting each other, after a few seconds both inmates began grappling and wrestling with each other. When staff observed both inmates grappling with each other they stopped fighting.

3) On June 25, 2020, Plaintiff appeared before Unit Discipline Committee ("UDC") member R. Mayer and advised of his inmate rights. Exhibit-B.

4) On July 1, 2020, Plaintiff appeared before Discipline Hearing Officer ("DHO") S.D. Sawyer. Plaintiff's due process rights were read and reviewed by the DHO to Plaintiff. The DHO found Phillips committed the prohibited act of Fighting With Another Person in violation of Code 201. Sawyer imposed sactions in the form of: (1) 30 days of

Case 1:22-cv-00516-MHH-SGC   Document 5   Filed 05/31/22   Page 23 of 38

disciplinary segregation (suspended pending 90 days clear conduct): (2) 90 days loss of Commissary/Phone privileges; (3) $25.00 monetary fine. A residual effect was that Phillips custody classification score was elevated based on the code violation. Exhibit-C.

5) phillips appealed DHO S.D. Sawyer's findings to the Federal Bureau of Prisons Southeast Regional Office (Appeal No. 1059210-R1). On december 14, 2020, the Southeast Regional Office ("SER") Regional Director remanded the case back to the institution for rehearing. Exhibit-D.

6) Plaintiff did not receive notice of the rehearing until January 14, 2021. Exhibit-D.

7) On December 21, 2020, Unit manager/Disciplinary Hearing Officer A. Moore arrived at Plaintiff's assigned cell and informed him that he would be given a rehearing on the aforementioned code violation. Plaintiff was not informed what the basis for the new hearing was nor advised of his rights or allowed to call witnesses and offer exculpatory evidence.

8) DHO A. Moore immediately held a rehearing in the unit's office.

9) At the reahearing Plaintiff requested to have SIS L. Kennedy called and Fredrick Patterson because subsequent to the initial DHO hearing Plaintiff learned that inmate Fredrick Patterson had been charged with FBOP violations regarding the use of synthetic marijuana (K-2) on May 28, 2020, the date of the incident. Plaintiff advised DHO A. Moore that he wished to call and review evidence regarding Patterson's drug use on the day in question because the actions taken by him were in self defense. Exhibit-E.

PAGE 2 OF 3

Case 1:22-cv-00516-MHH-SGC    Document 5    Filed 05/31/22    Page 24 of 38

10) DHO A. Moore conducted the hearing without allowing Plaintiff to obatin the requested evidence nor call SIS Kennedy, or Patterson. Moore adjudged Plaintiff guilty and imposed the Following sanctions: (1) DS 30 days suspended pending clear conduct 90 days; (2) LP Phone and Commissary 90 days begining 7/1/20 to 9/28/20; and (3) Monetary Fine $150.00. After, receiving the amended DHO report Plaintiff appealed to the SERO asserting due process violations occuring during the December 21, 2020, hearing and failure to disclose exculpatory evidence. See Exhibit-F.

11) Plaintiff has exhausted all administrative remedies with the Regional Office and Central Office regarding this matter. Exhibit-G.

I, Maurice Phillips, do hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the above statements are true and correct to the best of my knowledge and belief.

Dated: May 11, 2022

Maurice Phillips

PAGE 3 OF 3

Case 1:22-cv-00516-MHH-SGC    Document 5    Filed 05/31/22    Page 25 of 38

EXHIBIT-F

JAN 17

**U.S. DEPARTMENT OF JUSTICE    REHEARING        FEDERAL BUREAU PRISONS**

| | |
|---|---|
| Institution:  FCI TALLADEGA | Incident Report number: 3409383 |
| NAME OF INMATE:  PHILLIPS, MAURICE | REG. NO.:  04951-748  \| UNIT: BETA |
| Date of Incident Report: 06-22-2020 | Offense Code:  201 |

Date of Incident: 05-28-2020

Summary of Charges:  **FIGHTING WITH ANOTHER PERSON**

**I.    NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **06-22-20** at (time) **1000 hrs** (by staff member) **D. Daugherty, Lt.**

B. The DHO Hearing was held on (date) **07-01-2020** at (time) **0940 hrs**. **Rehearing held on 12-21-2020 at 10:09 am**

C. The inmate was advised of the rights before the DHO by (staff member): **R. Mayer, Counselor** on (date) **06-25-2020** and copy of the advisement of rights form is attached.

**II.    STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative.  Yes **X**   No_____.

B. Inmate requested staff representative and **N/A** appeared.

C. Staff Representative statement: **N/A**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name) **N/A** was selected.

E. Staff representative **N/A** was appointed.

**III.    PRESENTATION OF EVIDENCE**

A. Inmate _____(admits) ____(denies) **X** (neither) the charge(s).

B. Summary of inmate statement: **"He was high. I took the self-defense mode".**

C. Witnesses:
1. Inmate waived right to witness.  Yes **X** No___

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below): **N/A**

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below). **N/A**

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: **SIS investigation, reporting officer's eye witness statement, and photographs** .

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because: **N/A** .

**IV.    FINDINGS OF THE DHO**

**X** A. The act was committed as charged.

_____ B. The following act was committed:_____

_____ C. No prohibited act was committed: Expunge according to Inmate Discipline PS.

1

Case 1:22-cv-00516-MHH-SGC   Document 5   Filed 05/31/22   Page 27 of 38

JAN 17

## U.S. DEPARTMENT OF JUSTICE   REHEARING   FEDERAL BUREAU PRISONS

| Name of Inmate:<br>PHILLIPS, MAURICE | Reg. No.:<br>04951-748 | Hearing Date:<br>12-21-2020 |
|---|---|---|

**V.   SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS** (Physical evidence, observations, written documents, etc.): **A rehearing was ordered per SERO Appeal #1059210-R1. The rehearing was conducted and the DHO's decision and sanctions remained the same.** Inmate Phillips did not request a staff representative or request to call witnesses during the hearing. Mr. Phillips did not submit any documentary evidence.

The DHO finds that inmate Maurice Phillips did commit the prohibited act if Fighting with Another Person, in violation of code 201, Fighting. The DHO relies upon the reporting officer's eyewitness statement. L. Kennedy stated on 6-22-2020 a SIS investigation concluded that inmates Phillips and Patterson were involved in a fight on May 28, 2020 at 12:57pm in Gamma A unit on B Range. The conclusion is based on the review of video footage. On May 28, 2020 at 12:57pm, inmate Patterson can be seen walking up the steps to B Range towards inmate Phillips. Both inmates can be seen throwing punches and hitting each other. After a few seconds, both inmates began grappling and wrestling. When staff observed both inmates grappling with each other, they stopped fighting.

The DHO considered the reporting officer's statement, SIS investigation report, and photographs of both inmates.

The DHO read the report aloud and you stated, "They didn't include in the hearing that he was high. I took the self-defense mode. He was disoriented and I reacted. I didn't know what my recourse was. When he came towards me, I put my hands up in self-defense. " The DHO considered your statement.

Based upon the greater weight of the evidence outlined above (reporting officer's eyewitness statement, SIS investigation, and photographs, the DHO finds you committed the prohibited act of code 201: Fighting with Another Person.

**VI.   SANCTION OR ACTION TAKEN** (List each prohibited act with respective sanctions for that act): **DS 30 days suspended pending clear conduct 90 days (Sanction Completed)**
**LP Phone and Commissary 90 days beginning 7-1-20 to 9-28-20 (Sanction Completed)**
**Mon Fine $150 (Sanction Completed)**

**VII.   REASON FOR EACH SANCTION OR ACTION TAKEN:**
Disciplinary segregation and the loss of privileges were imposed to deter you from this type of misconduct in the future.

**VIII. APPEAL RIGHTS:   X   The inmate has been advised of the findings, specific evidence relied on action and reasons for the action.   The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure.   A copy of this report has been given to the inmate.**

**IX.   Discipline Hearing Officer**

| Printed Name<br><br>A. Moore | Signature | Date<br><br>12-21-2020 |
|---|---|---|

JAN 17

**U.S. DEPARTMENT OF JUSTICE    REHEARING    FEDERAL BUREAU PRISONS**

| Name of Inmate:<br>PHILLIPS, MAURICE | Reg. No.:<br>04951-748 | Hearing Date:<br>12-21-2020 |
|---|---|---|

DHO report delivered to Inmate by: _____

Signature

_____
Printed Name (Staff)

_____
Date and Time:

Replaces BP-A0304 of AUG 11

Prescribed by P5270

Case 1:22-cv-00516-MHH-SGC   Document 5   Filed 05/31/22   Page 29 of 38

Case 1:22-cv-00516-MHH-SGC    Document 5    Filed 05/31/22    Page 30 of 38

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: PHILLIPS MAURICE     0495103-48     Camp-1     FCI TALLADEGA
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

## Part A - REASON FOR APPEAL

I appeal the 7/1/20 DHO Report issued by C.D. Sawyer for violation of offense code 201 (fighting another person), Incident Report #3409383.

The DHO Report was received by Phillips (hereinafter "Appellant") on 7/12/20 from Peta Unit Counselor Waters. The date of 7/3/20 ascribed by Officer Fleming is not the date I received the report and is therefore inaccurate.

I appeal based on the DHO and investigation done by Talledega staff being inadequate under FBOP Prison Program Policy. At the UDC hearing Appellant stated that "that the individual was disoriented and got to close and I reacted". Appellant relied on this statement also at the DHO hearing. The S.I.S. investigation conducted fails to note that Fredrick Patterson, Reg. No. 1781-003 on May 28, 2020, was investigated and cited for narcotics related activity. This fact cooberates the assertion that Patterson was acting oddly and in a threatening manner towards Appellant. The S.I.S. investigation failed to reveal or substantiate that Patterson was under the influence of drugs at the time of the incident.

**SEE CONTINUATION PAGE**

_____ DATE             SIGNATURE OF REQUESTER

## Part B - RESPONSE

 

_____ DATE             REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE          CASE NUMBER: _____

## Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____ DATE             SIGNATURE, RECIPIENT OF REGIONAL APPEAL

MAURICE PHILLIPS
#04951-748


Re: Continuation Page


    The failure to disclose exculpatory evidence by S.I.S. investigators in its report relied upon by the DHO Hearing Officer warrants the expungement of the findings and sanctions imposed.

    If this evidence had been available Appellant would have had the greater weight of evidence sufficient to warrant a finding of not guilty.

    I request that this new iformation be considered and the underlying offense violation be expunged.


                                        Maurice Phillips
                                        8/20/20

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Phillips Maurice** | **04951-748** | **B-B** | **TDG-FCI**
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL** I appeal the 12-21-20 DHO report issued by A. Moore, regarding Incident Report No. 3409383, sting on a code 201 violation. Mr. Phillips (hereinafter "Appellant") received the DHO report on 12-31-20 from Counselor.

The crux of this appeal is that the secondary DHO hearing held for Incident Report, No. 3409383 on 12-21-20, violated pellant's due process rights, and contravened BOP Program Statement 5270.9, insofar as TDG staff never disclosed that ERO) granted appellants appeal for Incident Report No. 3409383 and remanded the matter back.
: of the writing of this appeal, Appellant has not received any documentation from (SERO) documenting remand and reason erefore.

On 12-21-20, DHO (A. Moore) personally came to my cell and informed me that "I had a DHO REHEARING right now." The sueing DHO hearing was held minutes later on 12-21-20.

Appellant asserts; following remand, TDG staff failed to re-issue a written incident report within 24 hours; or hold UDC hearing, thereby, ignoring the mandatory procedural requirements in PS 5270.09 as codified in Title 28 Code of federal gulations ("CFR") §541. of the disciplinary program. By failing to give Appellant written notice of charge(s) within 24 hrs fore the DHO hearing was conducted, Appellant was deprived of due process. Insofar as Appellant was unable to (1) alert C of his intent to call witness; (2) request staff rep, to ascertain (SERO) reason for remand, and (3) prepare a defense.

DHO (A. Moore) violated Appellants due process rights by failing to apprise Appellant of his rights at re-hearing, and iling to confirm that Appellant had received incident report prior to re-hearing.
re the DHO re-hearing report prepared and signed by A. Moore on 12-21-20, indisputably shows that she conducted Appeallants -hearing based on the orfginal report issued on 6-22-20. Accordingly, Appellant seeks to have the DHO 12-21-20 findings ntravening policy invalidated and the underlying incident report and offense violation be expunged.

DATE January 8, 2021          Maurce Phillips SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____          _____
DATE                                   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C - RECEIPT**          CASE NUMBER: _____

Return to: _____          _____          _____          _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

MAURICE PHILLIPS-APPELLANT
#04951-748
FCI TALLADEGA
PMB 1000
TALLADEGA, ALABAMA 35160


ADMINISTRATIVE REMEDY COORDINATOR
FEDERAL BOP, SERO
3800 CAMP CREEK PARKWAY, SW BLDG. 2000
ATLANTA, GA 30331


Re: Regional Administrative Remedy Appeal No. 1059210-R1

Dear Coordinator,


   Please allow this missive to serve as a supplement to the above cited appeal on rehearing, filed in January of 2021.

   Please find enclosed a copy of the Regional Administrative Remedy Appeal No. 10592-R1 Response.

   Of note is the Response was not delivered to Appellant until January 14th of 2021, subsequent to Appellant's rehearing conducted at FCI Talladega. This fact corroborates that the rehearing conducted by the institution violated Appellant's due process rights by failing to provide notice that a rehearing was to be conducted until the moment it commenced, inter alia.

   As such I ask that this exhibit be added to the record and considered with the previously filed Regional Adminstrative Remedy.



                                        Respectfully,

                                        Maurice Phillips

Regional Administrative Remedy Appeal No. 1065961-R1
PART B - RESPONSE

This is in response to your Regional Administrative Remedy Appeal receipted January 20, 2021. You appeal the actions of the Discipline Hearing Officer (DHO) on July 01, 2020, finding you committed the prohibited act of Fighting With Another Person, Code 201. As relief, you request the incident report be expunged.

Program Statement 5270.09, Inmate Discipline Program, provides the DHO shall consider all evidence presented during the hearing. The DHO's decision will be based on at least some facts and if there is conflicting evidence, on the greater weight of the evidence. The DHO considered your statement provided during the DHO proceedings. The DHO found you committed the prohibited act based in part on the written report and supporting evidence.

You allege your due process rights were violated. Specifically you were not given time to prepare for your rehearing.   After a review of the paper work it has been determined there was no violation of your due process rights.   You had ample time to prepare for your hearing from the original date you were made aware of the charges. Nothing changed other correcting typographical errors, the charge and incident was the same. The required disciplinary procedures were substantially followed and the evidence supports the DHO's finding.

Accordingly, your Regional Administrative Remedy Appeal is denied.   If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C.   20534.   Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

_____
Date

_____
Regional Director, SERO

MAURICE PHILLIPS, 04951-748
TALLADEGA FCI      UNT: UNIT G     QTR: B07-001L
565 EAST RENFROE ROAD
TALLADEGA,  AL 35160

**RECEIVED**

SEP 16 2021

WARDEN'S OFFICE
FCI TALLADEGA, AL

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Phillips Maurice                    REG. NO. 04951-748      UNIT B-B      INSTITUTION TDG
        LAST NAME, FIRST, MIDDLE INITIAL

**Part A—REASON FOR APPEAL**   I'm appealing SERO's response regarding my challenge to the Discipline Hearing Officer's ("DHO") 12-21-20 actions concerning Remedy Appeal No. 1065961-R1, which was delivered to me on 2-21-21.

RELEVANT FACTUAL BACKGROUND: On 8-20-20, I filed my orginal appeal to SERO of the first DHO report issued to me by S.D. Swayer on 7-1-20, for a violation of offense code 201, chiefly arguing for expungement of the DHO findings and sanctions imposed. Because S.I.S. Invertigators failed to disclose exculpatory evidence relied on by the DHO to find guilty of Incident Report No. 3409383. SERO remanded Remedy Appeal No. 1059210-R1 back to FCI Talladega for a rehearing, without, articulating the reasons warranting the remand. Despite SERO's remand being signed on 12-14-20, it was not delivered to my unitl 1-14-21, by my counselor. See Exhibit A.

Then on 12-21-20, a second DHO hearing was conduct by A. Moore, regarding incident report No. 3409383, finding me guilty of the same code 201 violation. That DHO report delievered to me on 21-31-20, and I appealed to SERO on 1-8-21, largerly arguing the TDG staff denied me procedural due process by ignoring the mandatory procedural requirments set forth in PS 5270.09. Following SERO's remand, staff failed to re-issue a written incident report within 24 hrs; or hold a new UDC hearing. Thereby, failing to give me notice of the written charges within 24 hours of the DHO hearing. Oddly enough, instead of that appeal being assigned Remedy No. 1065961-R2, its wrongly key in under a new Remedy No. 1065961-R1.   Despite recognizing that second appeal was based on the denial of procedural due process, SERO, brushes aside

March 8, 2021
DATE

Maurice Phillips   3/8/21
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
APR 0 3 2021

RECEIVED
JUN 2 3 2021
Administrative
Federal Bureau

_____                    _____
DATE                                          GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE            CASE NUMBER: 1065961

----------------------------------------

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____   _____   _____   _____
            LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.       UNIT           INSTITUTION

SUBJECT: _____

_____                    _____
DATE                     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

MAURICE PHILLIPS
Reg. No. 04951-748

Re: continuation Page

disingenuous claiming: "After review of the paper work it has been determined there was no violation of your due process rights. You had ample time to prepare for your hearing from the original date you were made aware of the charges. Nothing changed other correcting typographical errors, the charge and incident was the same. The required disciplinary procedures were substantially followed and the evidence supports the DHO's findings." See SERO's second response.

SERO's admission that typographical corrections took place unbeknoukst to me before the second DHO hearing was held, clearly demonstrates that I had no notice of the actual charges outlined in the revised incident report.

Because its insidputable that a new incident report was never issued following remand, I'm seeking that A. Moore's findings and sanctions imposed be expunged for depriving me of procedural due process.

Maurice Phillip
Maurice Phillips
3/8/21

**Administrative Remedy No. 1065961-A2**
**Part B - Response**

You appeal the decision of the Discipline Hearing Officer (DHO) regarding incident report #3409383, in which you were found to have committed the prohibited act of Code 201, Fighting with Another Person.  You allege Due Process violations as you did not receive adequate notice of the charge against you.  For relief, you request the incident report be expunged.

Our review of the disciplinary proceedings indicates compliance with Program Statement 5270.09, <u>Inmate Discipline Program</u>, and we concur with the response provided by the Regional Director.  The DHO's decision was based upon the evidence detailed in Section V of the DHO report.  We find the determination of the DHO is reasonable and supported by the evidence.  Your Due Process rights were upheld during the discipline process.  We find no evidence to support your allegation you did not receive sufficient notice of the charge against you.  The sanctions imposed in this disciplinary proceeding were commensurate to the severity level of the offense committed and in compliance with policy.

Considering the foregoing, your appeal is denied.


_____8\9\21_____          _____
Date                                     Ian Connors, Administrator
                                         National Inmate Appeals