UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MAURICE PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:22-cv-00516-MHH-SGC |
| A. MOORE, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

In a *pro se* amended complaint that he filed under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), Mr. Phillips alleges that the defendants deprived him of his right to due process during prison disciplinary proceedings. (Doc. 5; Doc. 12, pp. 3-4). Pursuant to *Bivens*, Mr. Phillips seeks monetary damages against the defendant prison employees in their individual capacities. (Doc. 5, p. 5). Mr. Phillips also requests declaratory relief in the form of expungement of his BOP records and remission of the fine imposed. (Doc. 5, p. 5).

The defendants filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The defendants argued that Mr. Phillips's Fifth Amendment due process claim is not cognizable under *Bivens*. (Doc. 20, p. 3). In his response to the motion, Mr. Phillips argued that "he put forth a claim for violation of procedural due process based on the deprivation of a property interest,

and denial of adequate procedural protections" and claimed that he "had a property interest in the $150.00 in his trust account and defendants were required to provide due process before permanently depriving him of the property." (Doc. 23, p. 6) (citing *Hufford v. McEnaney*, 249 F.3d 1152, 1150 (9th Cir. 2001)). Mr. Phillips added that even if he could not seek monetary damages, under 28 U.S.C. § 1331, he could "seek injunctive and declaratory relief against prison officials in their official capacities for constitutional harms." (Doc. 23, p. 5) (citing *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020)).

The magistrate judge entered a report on August 10, 2023, in which she recommended that the Court grant the defendants' motion to dismiss because Mr. Phillips's claims for relief under *Bivens* are not cognizable, and even if they were, qualified immunity would bar claims for monetary relief against the defendants. (Doc. 25, pp. 13, 20-21). Mr. Phillips objected to the report and recommendation and argued that the magistrate judge failed to consider the merits of his claim for equitable relief under § 1331. (Doc. 28, p. 6). Mr. Phillips requests that "his claims against the defendant[s] for declaratory and injunctive relief [under § 1331] [be] allowed to proceed." (Doc. 28, p. 7).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the

[magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (italics in *Raddatz*).

Based on its review of the record in this case, the Court overrules Mr. Phillip's objection to the dismissal of his claims for damages under *Bivens* and adopts the magistrate judge's analysis concerning the *Bivens* claim. (Doc. 25, pp. 6-13). The Court sustains Mr. Phillips's objection with respect to his opportunity to pursue a claim for injunctive relief under 28 U.S.C. § 1331.

In *Doe v. Wooten*, the Eleventh Circuit recognized that a plaintiff "may be able to obtain injunctive relief against a federal officer acting in his official capacity when the officer acts beyond statutory or constitutional limitations." *Doe v. Wooten*, 376 Fed. Appx. 883, 884 (11th Cir. 2010); *see also Saine v. Hosp. Auth. of Hall*

3

*Cnty*, 502 F.2d 1033, 1035 (5th Cir. 1974).[1]  Coupled with the district court's broad powers in equity, § 1331 provides a vehicle for a court "to exercise [its] traditional powers of equity for constitutional suits seeking injunctive relief against federal officers in their official capacities." *Doe v. Wooten*, 2009 WL 900994, *6 (N.D. Ga. Mar. 30, 2009), *aff'd in part, vacated in part, remanded*, 376 Fed. Appx. 883, 884 (11th Cir. 2010) ("We agree [with the district court] that a plaintiff may be able to obtain injunctive relief against a federal officer. . . . ").

In his amended complaint, Mr. Phillips did not include a claim under § 1331; he asserted his desire to proceed under § 1331 in his response to the defendants' motion to dismiss and in his objections to the magistrate judge's report and recommendation.  (Doc. 23, p. 5; Doc. 28, pp. 6-7).  Because Mr. Phillips has not made a claim for injunctive relief under § 1331 in a pleading, Mr. Phillips may file an amended complaint asserting only claims for injunctive relief under § 1331 against defendants who would be responsible for carrying out any order for injunctive relief.  The § 1331 claim must be against those defendants in their official capacities.  Mr. Phillips must clearly allege facts that support a colorable constitutional violation for which injunctive relief under § 1331 would be proper and the specific injunctive relief he seeks to remedy the alleged constitutional violation.

---

[1] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down on or before September 30, 1981.

In his amended complaint, Mr. Phillips may not include claims for damages under *Bivens*. At this stage of the litigation, the Court expresses no view regarding the potential merits of a claim for injunctive relief.[2]

Based on the foregoing, the Court dismisses Mr. Phillips's *Bivens* claims against the defendants with prejudice. If he wishes to file an amended complaint that complies with this order, Mr. Phillips must file the amended complaint by October 30, 2023.

**DONE** and **ORDERED** this October 4, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] In a footnote, the magistrate judge recognized Mr. Phillips's interest in injunctive relief under § 1331 but stated: "even if there is some mechanism through which the plaintiff may assert his claims, the claims fail . . ." (Doc. 25, p. 13 n. 7). The statement appears in the context of a discussion of qualified immunity. Qualified immunity does not apply to claims for injunctive relief. *Benning v. Comm'r, Ga. Dep't. of Corr.*, 71 F.4th 1324, 1135 (11th Cir. 2023) ("[Q]ualified immunity is only a defense to personal liability for monetary awards resulting from government officials performing discretionary functions, and may not be effectively asserted as a defense to a claim for declaratory or injunctive relief.").