# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| MAURICE PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:22-cv-00516-MHH-SGC |
| A. MOORE, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On March 5, 2025, the magistrate judge entered a report in which she recommended that the Court grant the defendants' motion for summary judgment and dismiss the plaintiff's sole remaining claim, a Fifth Amendment procedural due process claim for equitable relief. (Doc. 61). The magistrate judge advised the parties of their right to file specific written objections within 14 days. (Doc. 61). To date, the Court has not received objections.

Having considered the materials in the Court's electronic docket sheet, the Court adopts the magistrate judge's report as to the revocation of Mr. Phillips's phone and commissary privileges, his suspended 30-day period of confinement in disciplinary segregation, and the purported elevation of his custody classification score. The Court declines to adopt the analysis concerning the $150 fine. With respect to that fine, the Court notes that Mr. Phillips stated generally in his amended

complaint that he had exhausted all administrative remedies before filing his lawsuit, (Doc. 5, p. 4), but the record demonstrates that he did not challenge the $150 fine administratively before filing this action.

The record indicates that after Mr. Phillips's first disciplinary hearing, the hearing officer imposed a $25 fine. (Doc. 46-8, p. 2). The record demonstrates that Mr. Phillips appealed from that decision, and his case was remanded for rehearing. (Doc. 46-9). On rehearing, the disciplinary officer imposed a $150 fine but noted that the fine already had been satisfied. (Doc. 46-10). Assuming for purposes of this discussion that the documentation accurately reflects an increase in the fine on rehearing, post-appeal increases such as this have constitutional implications. *See Alabama v. Smith*, 490 U.S. 794, 799–800 (1989) ("While sentencing discretion permits consideration of a wide range of information relevant to the assessment of punishment . . . , [sentencing discretion] must not be exercised with the purpose of punishing a successful appeal. . . . Due process of law [] requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.") (internal citations omitted).[1]

---

[1] After the hearing officer imposed the $150 fine, as discussed below, Mr. Phillips appealed. In the order resolving Mr. Phillips's second appeal, the Regional Director wrote that as between the first and second hearing officer decisions, "[n]othing changed other than correcting typographical errors, the charge and incident was the same." (Doc. 5, p. 34). Given that the second hearing officer indicated in his decision that the $150 fine already had been satisfied when he issued his decision and given that no aspect of the written penalties changed other than the fine amount, (Doc. 46-8, p. 2; Doc. 46-10, p. 2), it appears that the $25 fine in the first decision may have been the

2

Mr. Phillips could have challenged the fine imposed following rehearing, but he did not include the issue in his appeal. (Doc. 5, pp. 32-34). Therefore, the Court will enter judgment for the defendants in their official capacity with respect to Mr. Phillips's due process claim for injunctive relief with respect to the $150 fine.

For the reasons stated, by separate order, the Court will grant the defendants' motion for summary judgment, (Docs. 46, 55), and direct the Clerk to close this case.

**DONE** and **ORDERED** this March 31, 2025.

*[signature]*
_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

typo to which the Regional Director referred in his decision following Mr. Phillips's appeal of the second hearing officer's decision.